**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **BECKON, INC.,** ) |  |
| ) |  |
| **Plaintiff,** ) |  |
| ) |  |
| vs. ) | No. 4:07CV2074-DJS |
| ) |  |
| **AMCO INSURANCE CO.,** ) |  |
| ) |  |
| **Defendant.** ) |  |

## <u>ORDER</u>

Plaintiff Beckon, Inc. is a company engaged in the business of repairing industrial machinery. Plaintiff operates on a property located in Kirkwood, Missouri. Plaintiff does not own or lease the property, but occupies it with the knowledge and consent of the property owner. On October 9, 2006, plaintiff purchased from defendant AMCO Insurance Company a policy of insurance covering the property. On March 4, 2007, the property was damaged by fire, and on August 24, 2007, the property was damaged by wind. Subsequent to each damage occurrence, plaintiff submitted a claim to defendant. Defendant denied both of plaintiff's claims for damage, citing as its reason plaintiff's lack of an insurable interest in the property.

On December 19, 2007, plaintiff filed a complaint with this Court, asserting three "breach of policy and vexatious refusal to pay" claims against defendant. On January 29, 2008, defendant filed an answer, which contained several affirmative defenses, and

a counterclaim for declaratory judgment and recoupment of money already paid to plaintiff.

Now before the Court is plaintiff's motion to dismiss defendant's counterclaim or, in the alternative, to strike defendant's request for attorneys' fees [Doc. #13]. Plaintiff requests that, in the event the Court does not dismiss the counterclaim pursuant to Rule 10(b), the Court dismiss the counterclaim pursuant to Rule 12(b)(6). Defendant opposes plaintiff's motion in its entirety. The motion has been fully briefed and is ready for disposition.

## Discussion

Plaintiff argues that defendant's counterclaim violates Fed.R.Civ.P. 10(b), in that the counterclaim does not contain separate counts or claims of relief against plaintiff. Rather, plaintiff argues that defendant has asserted many discrete claims together in a single count. In the alternative, plaintiff argues that defendant's prayer for attorneys' fees should be stricken, because this case does not present the type of special circumstances that would warrant an award of fees. Further, plaintiff argues that, on the face of the pleadings, plaintiff has an insurable interest as a matter of law, and asks that the Court dismiss defendant's counterclaim for failure to state a claim.

Defendant opposes plaintiff's motion, and argues that separate counts are not necessary. Further, defendant argues that,

in Missouri, attorneys' fees may be awarded in declaratory judgment actions, and that a finding of fraud satisfies the requisite special circumstances needed to award such fees under Missouri law. Finally, defendant argues that it has sufficiently pled its allegation that plaintiff had no insurable interest in the damaged property, and that its counterclaim should not be dismissed for failure to state a claim.

**Rule 10(b) Motion to Dismiss**

Rule 10(b) of the Federal Rules of Civil Procedure states, in part, that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.... If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed.R.Civ.P. 10(b). It has been noted that federal courts almost uniformly have failed to apply the language of Rule 10(b) according to its plain meaning, and that "if the defendant is able to ascertain the precise nature of the claim being asserted against him, separate statements under Rule 10(b) will not be required." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1324.

The Court has reviewed the counterclaim, and finds that it is not so vague or ambiguous as to prevent plaintiff from

reasonably framing a responsive pleading.  Plaintiff's Rule 10(b) motion to dismiss will be denied.

**Attorneys' Fees**

In actions brought under 28 U.S.C. § 2201, the federal declaratory judgment act, attorneys' fees may be collected by a successful party "under (1) state law, and (2) statutory powers granted by Sections 2201 and 2202, Title 28, U.S.C., in the discretion of the federal court." Nat'l Indem. Co. v. Harper, 295 F. Supp. 749, 757 (D.C. Mo. 1969).  With regard to state law, Missouri "follows the 'American Rule' which is that with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees." Washington Univ. v. Royal Crown Bottling Co., 801 S.W.2d 458, 468 (Mo. App. 1990).  Nevertheless, a trial court may award attorneys' fees under "special circumstances" or under "very unusual circumstances." See id. at 468-69.  "In [a declaratory judgment] action...attorneys' fees may sometimes be recovered as 'costs' if there are 'special circumstances.'" Goralnik v. United Fire and Cas. Co., 240 S.W.3d 203, 210 (Mo. App. 2007) (citing Windsor Ins. Co. v. Lucas, 24 S.W.3d 151, 156 (Mo. App. 2000)).  However, the "special circumstances" exception is narrow and must be construed strictly.  Id. (citing Windsor Ins., 24 S.W.3d at 156); see also Washington Univ., 801 S.W.2d at 469 (noting that the Missouri Supreme Court has been "careful to limit

the [declaratory judgment action exception] to one of 'special circumstances'"). "[T]he Missouri Supreme Court has found that special circumstances exist in the instance of fraud." Wiles v. Capitol Indem. Corp., 204 F. Supp. 2d 1207, 1209 (E.D. Mo. 2002) (citing Employers Mut. Cas. Co. v. Tavernaro, 21 F. Supp. 2d 1039, 1040 (E.D. Mo. 1998); Allstate Ins. Co. v. Estes, 118 F. Supp. 2d 968, 974 (E.D. Mo. 2000)).

A finding of fraud can satisfy the special circumstances needed to support an award of attorneys' fees. Defendant's counterclaim alleges fraud, concealment, and misrepresentation of material facts. Accordingly, defendant's counterclaim sufficiently sets forth a basis upon which the Court could award attorneys' fees. The motion to strike attorneys' fees from the counterclaim will also be denied.

**12(b)(6) Motion to Dismiss for Lack of an Insurable Interest**

In considering a 12(b)(6) motion to dismiss a counterclaim, the Court must assume that all the facts alleged in the counterclaim are true, and must liberally construe the counterclaim in the light most favorable to the counter-claimant. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the counter-claimant can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a motion to dismiss should be granted only in a case in which a counter-

the [declaratory judgment action exception] to one of 'special circumstances'"). "[T]he Missouri Supreme Court has found that special circumstances exist in the instance of fraud." Wiles v. Capitol Indem. Corp., 204 F. Supp. 2d 1207, 1209 (E.D. Mo. 2002) (citing Employers Mut. Cas. Co. v. Tavernaro, 21 F. Supp. 2d 1039, 1040 (E.D. Mo. 1998); Allstate Ins. Co. v. Estes, 118 F. Supp. 2d 968, 974 (E.D. Mo. 2000)).

A finding of fraud can satisfy the special circumstances needed to support an award of attorneys' fees. Defendant's counterclaim alleges fraud, concealment, and misrepresentation of material facts. Accordingly, defendant's counterclaim sufficiently sets forth a basis upon which the Court could award attorneys' fees. The motion to strike attorneys' fees from the counterclaim will also be denied.

**12(b)(6) Motion to Dismiss for Lack of an Insurable Interest**

In considering a 12(b)(6) motion to dismiss a counterclaim, the Court must assume that all the facts alleged in the counterclaim are true, and must liberally construe the counterclaim in the light most favorable to the counter-claimant. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the counter-claimant can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a motion to dismiss should be granted only in a case in which a counter-

claimant includes, or fails to include, allegations that show, on the face of the counterclaim, some insuperable bar to relief. Id.

In Missouri, to recover under a property insurance policy, a claimant must establish, among other things, an insurable interest in the property at the time the insurance contract was made and at the time the loss occurred. JAM Inc. v. Nautilus Ins. Co., 128 S.W.3d 879, 887 (Mo. App. 2004). An insurable interest is based upon the insured's pecuniary relationship to the property.

> In general, a person has an insurable interest in the subject matter insured where he has such a relation or concern in such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by happening of the event insured against.

Id. (quoting G.M. Battery & Boat Co. v. L.K.N. Corp., 747 S.W.2d 624, 626 (Mo. banc 1988)). In this regard, an insurable interest is not dependent upon the insured having legal title to the property, but instead "'may be derived from possession, enjoyment, or profits of the property, security or lien resting upon it, or it may be other certain benefits growing out of or dependent upon it.'" Id. (quoting DeWitt v. Am. Family Mut. Ins. Co., 667 S.W.2d 700, 705 (Mo. banc 1984)). "Courts 'make every effort to find insurable interest, and to sustain coverage, when there is any substantial possibility that the insured will suffer loss from the destruction of the property.'" Id. (quoting G.M. Battery, 747 S.W.2d at 626).

Nevertheless, the Missouri Supreme Court has distinguished the situation in which a plaintiff holds no legal title but holds equitable title (and, consequently, has an insurable interest), from the situation in which a plaintiff holds no legal or equitable title. See DeWitt, 667 S.W.2d at 706 n.3. In the latter situation, even if a plaintiff occupies and improves the property, that plaintiff has no insurable interest in the property. Id. (citing Raney v. Home Ins. Co., 246 S.W. 57 (Mo. App. 1922) (finding that although the plaintiff used the property as his own, improved it with his own means, and collected rent, he had no legal or equitable interest in the property, could have been ejected at any time by the actual owner, and accordingly had no insurable interest));[1] see also Wisecup v. Am. Ins. Co. of Newark, 172 S.W. 73, 75 (Mo. App. 1914) ("[A] mere expectation, although amounting to a moral certainty that one will have an interest in property, does not give an insurable interest.").[2]

With regard to plaintiff's motion to dismiss for failure to state a claim, defendant alleges in its counterclaim that plaintiff did not own the property, did not maintain a lease agreement for the property, and did not pay rent for the use of the

---

[1] Although Raney was decided in 1922, the Missouri Supreme Court's decision in DeWitt cites with approval the reasoning and outcome of Raney. See DeWitt, 667 S.W.2d at 706 n.3.

[2] It is worth noting that Wisecup has been cited in this district as recently as May 30, 2008. See Harris v. Am. Modern Home Ins. Co., -- F. Supp. 2d --, 2008 WL 2312930, at *7 (E.D. Mo. May 30, 2008) (Noce, M.J.).

property.  Considering the facts accepted as true for purposes of the instant motion to dismiss, the counterclaim is adequate to withstand a motion to dismiss.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant's counterclaim or, in the alternative, to strike defendant's request for attorneys' fees [Doc. #13] is denied.

Dated this  22nd  day of August, 2008.

                              /s/Donald J. Stohr
                              UNITED STATES DISTRICT JUDGE