```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


BECKON, INC.,                      )
                                   )
              Plaintiff,           )
                                   )
         vs.                       )    No. 4:07CV2074-DJS
                                   )
AMCO INSURANCE CO.,                )
                                   )
              Defendant.           )
```

## ORDER

Plaintiff Beckon, Inc. is a Missouri corporation engaged in the business of repairing industrial machinery. Plaintiff operates its business on a property located in Kirkwood, Missouri ("the Property"). Plaintiff does not own or have a written lease with regard to the Property, but occupies it with the knowledge and consent of the Property owner. On October 9, 2006, plaintiff purchased from defendant AMCO Insurance Company, an Iowa corporation with its principal place of business in Iowa, a policy of insurance covering the Property. On March 4, 2007, the Property was damaged by fire, and on August 24, 2007, the Property was damaged by wind. Subsequent to each damage occurrence, plaintiff submitted an insurance claim to defendant. Defendant denied both of plaintiff's claims for damage, citing as its reason plaintiff's lack of an insurable interest in the Property.

On December 19, 2007, plaintiff filed a complaint with this Court, asserting three "breach of policy and vexatious refusal to pay" claims against defendant, and seeking over $75,000.00 in

damages. On January 29, 2008, defendant filed an answer, which contained several affirmative defenses, and a counterclaim for declaratory judgment and recoupment of money already paid to plaintiff.

Now before the Court is defendant's motion for summary judgment [Doc. #53]. The matter has been fully briefed, and is ripe for disposition.

**Standard of Review**

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." <u>Reich v. ConAgra, Inc.</u>, 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." <u>Id.</u> "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" <u>Burchett v. Target Corp.</u>, 340 F.3d 510, 516 (8th Cir. 2003) (quoting <u>Rose-Maston v. NME Hosps., Inc.</u>, 133 F.3d 1104, 1107 (8th Cir. 1998)).

**Facts**

For purposes of this motion, the Court finds that the following facts are not in dispute, or have not been properly

controverted pursuant to E.D.Mo. L.R. 7-4.01(E).[1]  The following facts are those established by the depositions, affidavits, and records submitted by the parties, and are viewed in the light most favorable to plaintiff.

Plaintiff is a Missouri corporation with its principal place of business in Kirkwood, Missouri.  Plaintiff operates its business on the Property.  Plaintiff does not now own the Property and has never owned the Property.  With the Property owner's knowledge and consent, plaintiff occupies the Property.[2]  Plaintiff does not have a written lease covering the Property and has never paid any monetary rent.  Plaintiff states that it provides a benefit to the Property owner because it acts as a caretaker and prevents vandalism.  Further, plaintiff has made numerous improvements to the Property that will remain with the Property, which also benefits the Property owner.  Plaintiff pays utilities on the Property.  The Court notes that plaintiff has not presented any evidence that it has an enforceable contractual option with the Property owner to purchase the Property,[3] is under an obligation to procure insurance covering the Property, or has any indebtedness with regard to the Property.

---

[1] "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  E.D.Mo. L.R. 7-4.01(E).

[2] Plaintiff states that it was told to use the Property as its own.

[3] Plaintiff states that it had discussions with the Property's tenant regarding purchasing the property.

Plaintiff sought (and, on October 9, 2004, obtained) a general liability policy of insurance from defendant covering damages to the Property. On October 9, 2005, and again on October 9, 2006, plaintiff renewed its insurance policy with defendant. Additionally, the Property owner procured a separate policy of insurance covering the Property, and such a policy was in effect at all times relevant to this action.

On March 4, 2007, while plaintiff's insurance policy with defendant was in effect, the Property was damaged by fire, and on August 24, 2007, also while plaintiff's insurance policy with defendant was in effect, the Property was damaged by wind. Subsequent to each damage occurrence, plaintiff submitted an insurance claim to defendant for damages to the Property. Defendant denied both of plaintiff's claims for damage, citing as its reason plaintiff's lack of an insurable interest in the Property.[4] Nevertheless, defendant advanced to plaintiff $532,810.58 for damages to the Property.

**Discussion**

Missouri law controls this diversity case. <u>Kunferman v. Ford Motor Co.</u>, 112 F.3d 962, 965 (8th Cir. 1997). In Missouri, to recover under a property insurance policy, a claimant must establish, among other things, an insurable interest in the Property at the time the insurance contract was made and at the time the loss occurred. <u>JAM Inc. v. Nautilus Ins. Co.</u>, 128 S.W.3d

---

[4]The Court finds that the additional facts set forth by the parties are not necessary for disposition of the instant motion.

879, 887 (Mo. App. 2004). An insurable interest is based upon the insured's pecuniary relationship to the property.

> In general, a person has an insurable interest in the subject matter insured where he has such a relation or concern in such subject matter that he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by happening of the event insured against.

Id. (quoting G.M. Battery & Boat Co. v. L.K.N. Corp., 747 S.W.2d 624, 626 (Mo. banc 1988)). In this regard, an insurable interest is not necessarily dependent upon the insured having legal or equitable title to the property, and "'may be derived from possession, enjoyment, or profits of the property, security or lien resting upon it, or it may be other certain benefits growing out of or dependent upon it.'" Id. (quoting DeWitt v. Am. Family Mut. Ins. Co., 667 S.W.2d 700, 705 (Mo. banc 1984)). The issue is "not what is the insured's title to the property, but rather, would [the insured] suffer pecuniary damage by its loss." DeWitt, 667 S.W.2d at 705. "Courts 'make every effort to find insurable interest, and to sustain coverage, when there is any substantial possibility that the insured will suffer loss from the destruction of the property.'" JAM Inc., 128 S.W.3d at 887 (quoting G.M. Battery, 747 S.W.2d at 626). Further, more than one person or entity can have an insurable interest in a single property. "Examples are, mortgagor—mortgagee, life tenant—remainderman, lessor—lessee, vendor—vendee, and vendor and optionee." 30 Missouri Practice: Insurance Law and Practice § 11.6 (1997 & Supp. 2008).

The requirement of an insured to have an insurable interest in the insured property is based on a public policy to dissuade gambling under the guise of an insurance contract. Accordingly, it has been found that in Missouri the insurable interest requirement is not waivable by an insurance company. See Faygal v. Shelter Ins. Co., 689 S.W.2d 724, 726 (Mo. App. 1985) ("[A]ny actions or omissions by defendant [insurance company] cannot waive a public policy requirement that an insurable interest exist. A valid and enforceable contract may not arise out of a transaction prohibited by state law.") (citations omitted)).

A sampling of Missouri caselaw illustrates various circumstances in which a court may find that an insured has an insurable interest in certain property. In DeWitt, the Missouri Supreme Court found that an insured who was personally liable on three mortgage notes secured by the property after a conveyance, even though the beneficial ownership of the property was vested in another individual, had an insurable interest in the property. In G.M. Battery, the Missouri Supreme Court found that an insured's unexercised option to purchase property it was renting, the value of the remaining six months of the term of its lease, and a contract with the property owner which bound the insured to purchase property insurance, was sufficient to give an insured an insurable interest in the insured property. And, in Dimmitt v. Progressive Cas. Ins. Co., 92 S.W.3d 789 (Mo. banc 2003), the Missouri Supreme Court found that, although the insured had failed to comply with a Missouri statute that may have rendered her title

to the property void, having paid in good faith the contract amount for the property, the insured had an insurable interest in that property.

The Court has not found an instance where a Missouri court had occasion to address the instant issue, that is, whether an insured's occupation of property in which the insured has no ownership interest or for which the insured has no lease agreement, written option to purchase, obligation to obtain insurance, or indebtedness, establishes an insurable interest in that property.[5] However, the Court has found a similar case, <u>Raney v. Home Ins. Co.</u>, 246 S.W. 57 (Mo. App. 1922). In <u>Raney</u>, the Missouri court found that even though the insured did not own or lease the property, he occupied and used the property as his own, improved it with his own means, and collected rent. That court, noting that the insured was aware that he was not the owner of record (in that he knew his name was not on the deed), and further noting that he could have been ejected at any time by the actual owner, held that the insured had no insurable interest in the property.[6] <u>Raney</u>, 246 S.W. 57; <u>see also</u> <u>Wisecup v. Am. Ins. Co. of Newark</u>, 172 S.W. 73,

---

[5]The Missouri Supreme Court has noted in a footnote a Florida case in which it was held that gratuitous use of property <u>may</u> establish an insurable interest. <u>G.M. Battery</u>, 747 S.W.2d at 626 n.3 (citing <u>Sun State Roofing Co. v. Cotton States Mutual Ins. Co.</u>, 400 So.2d 842 (Fla. App. 1981)). However, it remains an unsettled question in Missouri.

[6]Plaintiff argues that the <u>Raney</u> court's decision with regard to the insured's insurable interest in the property was influenced by the insured's fraudulent conveyance that proceeded the procurement of the property insurance policy. This Court is not persuaded by plaintiff's arguments, and notes that although the insured in <u>Raney</u> did fraudulently transfer the property prior to purchasing the property insurance policy, that fraudulent conveyance impacted only the court's decision with regard to the insured's <u>ownership</u> of the property, and did not affect their decision with regard to his <u>insurable interest</u> in the property after his claim of ownership was rejected. See <u>Raney</u>, 246 S.W. 57 at 59-60.

75 (Mo. App. 1914) ("[A] mere expectation, although amounting to a moral certainty that one will have an interest in property, does not give an insurable interest.").

Plaintiff argues that it had an insurable interest in the Property at the time the disputed policy was issued and at the time of both losses. To wit, plaintiff notes that the facts accepted as true for purposes of this motion reflect that defendant knew, at the time the policy was issued and renewed, that plaintiff was not the owner of the Property. Further, plaintiff argues that defendant did not rely on any representation that plaintiff owned the Property. However, as noted above, defendant cannot waive, by any act or omission, the requirement that plaintiff have an insurable interest in the Property.

Plaintiff further argues that, although it did not have a written lease, it was a tenant at will. As such, it could be ejected from the Property only if the Property owner gave written notice to vacate, at which point plaintiff would have one month to leave the Property. See Mo. Rev. Stat. 441.060.1 ("A tenancy at will or by sufferance, or for less than one year, may be terminated by the person entitled to the possession by giving one month's notice, in writing, to the person in possession, requiring the person in possession to vacate the premises."). Further, plaintiff argues that although it paid no monetary rent, it had an obligation to act as caretaker of the Property, and consequently provided valuable consideration for its occupation. However, the Court finds that neither the one month, written notice requirement, nor

the caretaker obligation, confers upon plaintiff a pecuniary interest in the Property. Plaintiff does not own the Property and has no written lease renting the Property. Further, plaintiff has not presented any evidence that it has a written option with the Property owner to purchase the Property, is under an obligation to procure insurance covering the Property, or has any indebtedness with regard to the Property. The Property owner purchased an insurance policy to cover the Property, and the Court sees no special relationship that would also give plaintiff an insurable interest. Plaintiff was aware it was not the owner of the Property, and the improvements made to the Property (and, similarly, the benefit of plaintiff's services as caretaker) are to remain with the Property after plaintiff's departure or ejection. Indeed, plaintiff has not presented any evidence that it was required to make improvements, or that if it was derelict in its role as a caretaker it would have any duty to compensate the Property owner. Further, the Court sees no reason why plaintiff could not have vacated the Property at any time without liability, and could have been ejected with one-month written notice by the Property owner. Consequently, under Missouri law, plaintiff had no pecuniary relationship to the Property it was permitted to use, and therefore had no insurable interest at the time it purchased the insurance or at the time of both damage occurrences. Since plaintiff had no insurable interest in the Property, the insurance policy it purchased from defendant is void. Accordingly, defendant is not liable under the policy for claims made by plaintiff.

Defendant has filed a counter-claim against plaintiff, seeking recoupment of the money it advanced to plaintiff. Defendant states that it made payments in the amount of $532,810.58, and that it is entitled to recoup that money because the policy is void. Plaintiff opposes defendant's counter-claim, arguing that defendant's premise is incorrect, that is, that plaintiff's policy is not void.

Under Missouri law, "a person cannot take out a valid and enforceable policy of insurance for his own benefit [for something] in which he has no insurable interest; such a policy or contract of insurance is void and unenforceable on the grounds of public policy, it being merely a wagering contract." Lowe v. Rennert, 869 S.W.2d 199, 206 (Mo. App. 1993). If a policy is void, then the contractual obligations between the parties cease to exist. See State ex rel. Stricker v. Hanson, 858 S.W.2d 771, 778 (Mo. App. 1993) ("By declaring the contract void and of no legal effect, this court has announced that the contested contractual relationship between [the parties] does not exist."). Accordingly, an insurer is entitled to recoup money that it advanced to an insured. See Employers Mut. Cas. Co. v. Tavernaro, 4 F.Supp.2d 868, 871 (E.D. Mo. 1998).

In this case, the Court finds that plaintiff had no insurable interest in the Property at the time it purchased the policy and at the time of both losses. Accordingly, pursuant to Missouri law and public policy, the contract of insurance covering the Property is void, and those obligations under that contract

cease to exist.  Defendant therefore may recoup the money it advanced to plaintiff to repair the Property.

For the above stated reasons, the Court finds that there is no genuine issue of material fact that, at the time plaintiff purchased the insurance and at the time of both damage occurrences, plaintiff did not stand to gain a pecuniary benefit or suffer a pecuniary loss by reason of fire or wind damage.  Further, because plaintiff's policy is void for lack of an insurable interest, the Court finds that defendant is entitled to recoup the sum advanced to plaintiff to repair the Property.[7]  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #53] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for judgment on the pleadings with respect to defendant's fraud in the procurement affirmative defenses and counter-claim is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that a written judgment consistent with this order will be issued.

---

[7]As noted above, because the policy is void for lack of an insurable interest, it ceases to exist.  Accordingly, the Court finds that it need not decide whether plaintiff intentionally made material misrepresentations in the procurement of a non-existent insurance policy.

**IT IS FURTHER ORDERED** that the June 1, 2009, trial setting is hereby vacated.

Dated this __15th__ day of May, 2009.

> /s/Donald J. Stohr
> UNITED STATES DISTRICT JUDGE