```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


BECKON, INC.,                      )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )    No. 4:07CV2074-DJS
                                   )
AMCO INSURANCE CO.,                )
                                   )
            Defendant.             )
```

### ORDER

On May 18, 2009, the Court entered judgment in favor of defendant AMCO Insurance Company, and against plaintiff Beckon, Inc., on all claims asserted in plaintiff's complaint. Now before the Court is defendant's motion for bill of costs [Doc. #90], and defendant's motion for attorney's fees and expenses [Doc. #91]. These matters have been fully briefed and are ready for disposition.

**Bill of Costs**

Defendant's bill of costs seeks a total of $11,565.21. Plaintiff objects to several of defendant's costs. As an initial matter, the Court notes that it is to presume that a prevailing party is entitled to costs. See Fed.R.Civ.P. 54(d); Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). The Court also recognizes that it has the discretion to deny costs to the prevailing party, even in the absence of misconduct by that party. See Greaser v. State of Mo., Dept. of Corr., 145 F.3d 979, 985 (8th Cir. 1998); Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th

Cir. 1989). Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. See EEOC v. Convergys Customer Mgmt. Group, Inc., 2006 WL 2345541, at *380 (E.D. Mo. July 7, 2006) (Shaw, J.).

First, plaintiff objects to the requested taxation of defendant's share of the mediator's fee incurred in the Court-ordered mediation. The Court will sustain plaintiff's objection. In the Court's view, defendant's portion of the mediator's fee is not properly taxed to plaintiff as a matter of general policy, because the Court's referral to mediation ordered the parties to bear the fee equally, and because the taxable costs enumerated in § 1920 do not encompass a mediator's fee. See Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) ("We find that the district court abused its discretion in taxing the mediator's fee against defendants."). Accordingly, the Court will reduce the requested amount by $4,025.00.

Defendant also seeks $4,304.62 for court reporter fees incurred in witnesses' depositions. Such fees are allowed under § 1920(2), which states that a court may tax as costs the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in a case." For the reasons stated below, the Court will tax $2,933.05 of the requested $4,304.62.

The Court notes that plaintiff does not object to the taxation of three of the transcript invoices, except to the extent that such invoices include miscellaneous costs such as postage and

handling, courier fees, and exhibit archive charges. The Court finds that these are expenses that are not enumerated in § 1920 and are therefore not taxable, absent other authority. See 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2677, pp. 370-373 (1983). Accordingly, the Court will tax the transcript charges associated with the February 13, 2009, deposition of Roger Mohr, the deposition of John Herbst, and the deposition of Lon Mathews, less the aforementioned miscellaneous expenses. The Court will therefore tax $384.50 for the Mohr deposition, $634.75 for the Herbst deposition, and $323.50 for the Mathews deposition.

Plaintiff objects to the taxation of the March 12, 2009, deposition of Roger Mohr because defendant sought to block this deposition and then moved to strike the deposition testimony. The Court will overrule plaintiff's objection, as plaintiff has not shown that the transcript was not necessarily obtained for use in this case. See Slagenwit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995) (finding that deposition was taxable despite the fact that it was not introduced at trial because it was not shown that deposition was purely investigative). Nevertheless, the Court will, for the reasons stated above, exclude the miscellaneous costs, and tax $64.80 for this deposition.

Plaintiff also objects to the taxation of the deposition of Randall Wilson, for the reasons that plaintiff has previously sought to exclude such testimony. The Court notes that it denied plaintiff's motion as moot when it granted defendant's motion for summary judgment. Without intimating a view as to the merits of

plaintiff's motion to exclude Wilson's testimony, the Court finds that for purposes of the instant motion, plaintiff has not shown that the Wilson transcript was not necessarily obtained for use in this case. Accordingly, the Court will tax $511.75, the costs of the Wilson deposition.

Plaintiff next objects to the taxation of $642.50 for videotaping the depositions of Joann Wear and Thomas Gates. Video-depositions are expenses taxable under § 1920. <u>Craftsmen Limousine, Inc. v. Ford Motor Co.</u>, 579 F.3d 894, 898 (8th Cir. 2009). Further, the Court finds that plaintiff has not shown that these videotapes were not necessarily obtained for use in this case. However, as defendant also seeks the transcription costs of these depositions, the Court will sustain plaintiff's objection as it relates to the videotapes because the Court agrees with plaintiff that it is unreasonable to recover costs associated with both transcribing and videotaping the same witness. The Court will tax the transcription costs, less the miscellaneous costs similar to those excluded above. Accordingly, the Court will tax $764.00 for the depositions of Wear and Gates.

Plaintiff also objects to the taxation of the costs associated with the deposition of Paul Clark. Again, plaintiff fails to show that this transcript was not necessarily obtained for use in this case. The Court will exclude the miscellaneous costs of the Clark deposition, and tax $249.75.

Plaintiff objects to the court reporter costs associated with the Examination Under Oath of John Herbst. Plaintiff argues

that this examination was taken four months before the case was filed, and defendant previously agreed to pay this expense pursuant to defendant's policy. Defendant has not responded to plaintiff's assertions regarding this examination of Herbst, and therefore the Court will sustain plaintiff's objection.

Finally, defendant seeks $3,235.59 pursuant to § 1920(4), which authorizes taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." The figure submitted by defendant represents costs associated with four invoices for copies. However, except for the second invoice for $118.75 [Doc. #90, p. 13], no explanation of the nature of the documents copied is provided. The plain language of § 1920(4) restricts taxation to costs incurred for the copying of <u>papers obtained by counsel</u> (such as documents produced by another party for inspection and copying, or documents obtained from a third party, such as medical records), as opposed to papers <u>generated by counsel</u> (such as routine copies of pleadings and discovery responses for purposes of filing, service or the maintenance of counsel's own file). <u>See</u>, <u>e.g.</u>, <u>McIlveen v. Stone Container Corp.</u>, 910 F.2d 1581, 1584 (7th Cir. 1990). The Court will therefore only tax the $118.75 expense (which represents retrieval and copying of Federated Mutual Insurance Company records) because defendant has not supplied sufficient information to allow a determination whether the other amounts sought are reasonable and are taxable.

**Motion for Attorney's Fees**

Defendant has filed a motion for attorney's fees, arguing that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Missouri law support such an award. Plaintiff opposes defendant's motion, and argues that special circumstances do not exist in this case and attorney's fees are not recoverable.

The American Rule regarding attorney's fees is that parties must bear their own attorney's fees absent a specific statutory provision shifting such costs. Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 876 (8th Cir. 1994). Although the Federal Declaratory Judgment Act "makes no express provision for an award of attorney's fees," Am. Family Ins. Co. v. Dewald, 597 F.2d 1148, 1151 (8th Cir. 1979), the Eighth Circuit has not come to a consensus concerning whether attorney's fees are available for actions brought under the act. Compare Nat'l Union Fire Ins. v. Structural Sys. Tech., Inc., 964 F.2d 759, 763 (8th Cir. 1992) (affirming a district court finding that the phrase "further necessary and proper relief" in § 2202 of the Federal Declaratory Judgment Act does not constitute statutory authority for attorney's fees as an exception to the general policy against the award of fees), with Dewald, 597 F.2d at 1151 (finding that "attorney's fees may be awarded under 28 U.S.C. § 2202 where such an award is authorized by applicable state law for comparable actions").

Courts in the Eastern and Western Districts of Missouri, including this Court, have followed the approach adopted in Dewald, and looked to Missouri law to determine whether attorney's fees should be allowed. See, e.g., Am. Home Assur. Co. v. Pope, 410 F.

Supp. 2d 849, 853 (W.D. Mo. 2006); Allstate Ins. Co. v. Estes, 118 F. Supp. 2d 968, 974 (E.D. Mo. 2000). "The rule in Missouri is that absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of his own attorneys' fees (American Rule)." Mayor, Councilmen, & Citizens of City of Liberty v. Beard, 636 S.W.2d 330, 331 (Mo. 1982).

Defendant argues that fees are available under Mo. Rev. Stat. § 527.100, which provides that in declaratory judgment actions "the court may make such award of costs as may seem equitable and just." Mo. Rev. Stat. § 527.100; see Estes, 118 F. Supp. 2d at 974. Missouri courts have interpreted the term "costs" to include attorney's fees when "special circumstances" exist, the Bernheimer exception to the American Rule. Beard, 636 S.W.2d at 331 (citing Bernheimer v. First Nat'l Bank of Kansas City, 225 S.W.2d 745 (Mo. 1949)). "Correctly interpreted, the Bernheimer 'special circumstances' exception...is narrow and must be strictly applied." Washington Univ. v. Royal Crown Bottling Co. of St. Louis, 801 S.W.2d 458, 469 (Mo. App. 1990).

> In the absence of contract or statute, our courts have rarely found the very unusual circumstances that permit the award of attorneys' fees. Such fees have been denied in cases of an improper tax assessment, when a defendant tendered a check on insufficient funds with an intent to defraud, when defendants tortiously conspired and threatened to wrongfully foreclose on notes and deeds of trust, and when defendants fraudulently concealed the existence of an outstanding deed of trust on a house. Such fees have more often been approved where paid out of a res and the litigation was designed to benefit the res or give direction to the management or distribution thereof.

David Ranken, Jr. Technical Inst. v. Boykins, 816 S.W.2d 189, 193 (Mo. 1991) (citations omitted) (overruled on other grounds, see Alumax Foils, Inc. v. City of St. Louis, 939 S.W.2d 907, 911 (Mo. 1997)).

The Missouri Supreme Court has found such special circumstances to exist in the instance of fraud. See Miller v. Higgins, 452 S.W.2d 121, 125 (Mo. 1970) ("A defrauded party may recover special damages necessarily incurred solely by reason of the fraud. Such expenditures may properly include the professional aid of an attorney to mitigate damages and avoid future losses." (citations omitted)). "However, the equitable balancing of benefits by awarding attorney's fees occurs only if 'very unusual circumstances' can be shown, and [plaintiff has] not demonstrated that the present action was so different than other actions setting aside legal instruments that the present action should be considered an unusual circumstance." Osterberger v. Hites Const. Co., 599 S.W.2d 221, 230 (Mo. App. 1980) (citations omitted) (finding that attorney's fees were not warranted when the defendant house sellers had made a material misrepresentation and failed to inform the plaintiff house purchasers of the existence of an outstanding deed of trust on the house). The Court further notes that it has broad discretion in deciding whether to award attorney's fees. Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005); Am. Economy Ins. Co. v. Ledbetter, 903 S.W.2d 272, 277 (Mo. App. 1995).

Defendant argues that, due to plaintiff's "intentional misrepresentations and concealment related to its ownership" of the subject property, and the Court's ultimate finding of plaintiff's "lack of an insurable interest" in the subject property, it is entitled to attorney's fees. Doc. #92, p. 1. The Court disagrees, and finds that there is nothing about this case that warrants an attorney's fees award. Upon careful consideration of both the "equitable and just" standard from Mo. Rev. Stat. § 527.100 and the <u>Bernheimer</u> "special circumstances" exception, the Court is not persuaded to grant defendant attorney's fees, and will deny defendant's motion.

For the above stated reason,

**IT IS HEREBY ORDERED** that defendant AMCO Insurance Company's motion for bill of costs [Doc. #90] is granted in part and denied in part as follows.

**IT IS FURTHER ORDERED** that defendant is awarded $3,051.80 in taxable costs, which shall be deemed included in the judgment.

**IT IS FURTHER ORDERED** that defendant's motion for attorney's fees and expenses [Doc. #91] is denied.

Dated this <u>  15th  </u> day of March, 2010.

<u>/s/Donald J. Stohr          </u>
UNITED STATES DISTRICT JUDGE